IN THE UNITED STATES DISTRICT COURT OF WESTERN

MICHIGAN DISTRICT OF MICHIGAN

**FILED - GR**
May 25, 2022 12:50 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JJM   SCANNED BY: JW / 5-27

**1:22-cv-467**
**Janet T. Neff**
**U.S. District Judge**

Troyron Gladney

       Plaintiff-Intervenor

v.

Jeffrey Gettings

**[PROPOSED] COMPLAINT IN INTERVENTION FOR VIOLATIONS OF:**

**(1)** TITLE **II** OF THE CIVIL RIGHTS ACT OF **1964;**
**(2)** **42 U.S.C. § 1981;**
**(3)** **MICHIGAN DISABILITY ACT** AND **Elliot Larson law;**
**(4)** STATE TORT LAW;
**(5)** **Michigan Civil Rights**

JURY TRIAL DEMANDED

**INTRODUCTION**

1.     This is an action for relief from violations by Defendants Jeffrey Gettings, Allen Harbaug, Micheál Stein and Justin Workman.

(''Kalamazoo Office of Prosecuting Attorney''), and Does 1-50 (collectively, ''Defendants''), of the right of Plaintiff-Intervener Troyron Gladney (''Plaintiff-Intervener'') to be free from unlawful program discrimination on the basis of his national origin and race, Afro American.

2.     Defendants, as Plaintiff-Intervenons former state prosecutor, subjected Plaintiff Intervenor to the 'egregious and unlawful 'program practice of excluding me~, as a condition of his

wanting, to participate in and enforce a company policy and/or practice of refusing services to potential customers who were perceived to be of Black or Afro American origin or race (''Policy'').

3.     Defendants' discriminatory actions against those customers permeated all of Plaintiff-Intervenor's work. On a regular basis, I was refuse services, or instruct others to do so pursuant to Defendants' personal feelings not policy. As a person of African descent, this caused Plaintiff Intervener significant distress, anxiety, and shame.

4.     Plaintiff-Intervenor witnessed Defendants employees of all ranks, including the Chief Prosecutor Jeffrey Getttings, openly engage in and/or openly allow this personal feeling to thrive. The discrimination continued even after Plaintiff-Intervenor expressed his opposition to it.

5.     The consequent hostile program environment, discriminatory treatment, and retaliation at the hands of Defendants forced Plaintiff-Intervenor to relocate from his state of

**JURISDICTION AND VENUE**

6.     This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law. This Court also has jurisdiction pursuant to 28 U.S.C. § 13¿3 because Plaintiff-Intervenor seeks damages for violation of his civil rights.

This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under

{00569825.DOCX}                                              Case No.

[PROPOSED] COMPLAINT IN INTERVENTION

1

Article III of the United States Constitution. Plaintiff-Intervenor's state law claims share all
common operative facts with his federal law claims, and the parties are identical. Resolving
Plaintiff-Intervenor's federal claims in a single action serves the interests of judicial economy,
convenience, consistency, and fairness to the parties.

8.      Venue is proper in, and Defendants are subject to the personal jurisdiction of, this
Court because Defendants maintain facilities and business operations in this District, and all or
most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42
U.S.C. §2000e-5(f)(3).

9.      Pursuant to Local Rule 3-2(d) of this District, assignment to the Western Division of
this Court is proper because all or most of the events giving rise to Plaintiff-Intervenor's claims

## NATURE OF THIS ACTION

10.      This is an action brought pursuant to Article II and Art V. Section 29; 1976 Pa 220

11.      and Pa 453 and Rules Governing Organization and Procedures of the MCRC).
U.S.C. § 2000e et seq., *as amended* and Michigan statutory and common law.

12.      Plaintiff-Intervenor seeks injunctive and declaratory relief, compensatory damages,
punitive damages, and penalties, and his reasonable attorneys' fees and litigation expenses as
remedies for Defendants' violations of his Federal and Michigan statutory as well as common law
rights.

13.      Through this Complaint, Plaintiff-Intervenor intervenes as of right in the action
commenced in this Court on March 4, 2022 against Defendant by Troyron Gladney v.
*Gettings, etal,* Case No. 22-1151. 42 U.S.C. § 2000e-5(f)(l).

## PARTIES

13.      Plaintiff-Intervener Troyron Gladney is a man of African descent. He lived as a
citizen of Kalamazoo Michigan from approximately July 12,

{00569825.DOCX}

2

1991 until on or around August 11,2019. Thereafter, Plaintiff-Intervenor moved on Aug 11 2019 out of state Indiana.

14.  Upon information and belief, Defendant Kalamazoo Prosecuting is a Michigan Government entity with its principal place of business in Kalamazoo, Michigan.

15.  Plaintiff-Intervenor is informed and believes, and thereon alleges, that Defendant Gettings at all times relevant herein was engaged in the business of answering civil rights violation complaints and alleged civil rights violations in his office.

16.  At all times relevant herein, Defendant Gettings had at least fifteen employees. It is therefore an "employer" within the meaning of Title VII.

17.  Defendant Gettings is also an "employer" within the meaning of the Michigan Civil Rights Act and Fair Employment Act ("EEOC").

18.  Plaintiff-Intervenor is informed and believes, and thereon alleges, that at all times relevant herein each of the Defendant Does 1-50 were responsible in some manner for the occurrences and injuries alleged in this complaint. Their names and capacities are currently known to Plaintiff-Intervenor. Plaintiff-Intervenor will amend this Complaint to show such true capacities when the same have been ascertained.

## STATEMENT OF FACTS

19.  At all times material to this action, Plaintiff-Intervenor was a resident of Kalamazoo Michigan. Also, a person with a mental disability also receiving SSI.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

20.  Plaintiff-Intervenor timely filed charges with the United States Northern District Court, which were cross-filed with the United States Western District Federal Court House.

8

21.  During the pendency of the EEOC's processing and investigation of Plaintiff-

{00569825.DOCX}                                                   Case No.

[PROPOSED] COMPLAINT IN INTERVENTION

84    Intervenor's charge of discrimination, there wasn't an investigation due to no due process on the

85    Defendants part and prior to the EEOC's issuance of a Notice of Right to

86    Sue, Plaintiff-Intervenor necessarily initiated an action in the United States Northern Court of

87    Indiana County of ST. Joseph, in order to preserve her California statutory and common law

88    claims. That action is styled *Troyron Gladney* v. *Gettings et al, Inc., et al,* No. 1:21 -cv-

89    00064(filed Jan. 20, 2021). That action was dismissed with prejudice by Michigan Western

90    District Court immediately upon this

91    Court's exercise of supplemental jurisdiction over the state law claims contained herein.

92        22.    Plaintiff-Intervenor has timely filed this action and has complied with all

93    administrative prerequisites to bring this lawsuit.

94

95                 **FIRST CLAIM FOR RELIEF**

96    **[Hostile Program Environment Based on National Origin in Violation of Title II of the Civil**

97              **Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)]**

98        54.    Plaintiff-Intervener incorporates by reference the allegations contained in

99    Paragraphs 1 through 53, above, as if fully set forth herein.

100       55.    Title II of the Civil Rights Act of 1964, as amended, makes it unlawful for an entity

101    (l) to fail or refuse to investigate or to discharge any individual complaints, or otherwise to

102    discriminate

103    against any individual with respect to his compensation, terms, conditions, or privileges of

104    complaining, because of such individuals race, color, religion, sex, or national origin; or (2) to

105    limit, segregate, or classify his or applicants for programs in any way which would

106    deprive or tend to deprive any individual of complaint opportunities or otherwise adversely

107    affect his status as an employee, because of such individual's race, color, religion, sex, or national

108    origin." 42 U.S.C. § 2000e-2(a).

109       56.    Defendants subjected Plaintiff-Intervenor to unwelcome conduct by ignoring him,

110    as a term and condition of his complaint, and failed to enforce their Policy or refuse services to

111     57.     This conduct was severe and pervasive. On a regular, and sometimes daily, basis,

112  Plaintiff-Intervener witnessed State Prosecutors openly abide by their personal feelings not

113  Policy.

114                                         9

115          Hand-written notes indicating that Defendants would not provide services to

116  Plaintiff and enforce the Policy.

117     58.     Plaintiff-Intervenor's multiple Complaints to Defendants' supervisory employees

118  did not cause Defendants to rescind their personal feelings.
119

120     59.     The Defendants[5] actions in relation thereto created a hostile program environment

121  for Plaintiff-Intervenor because of her national origin, Afro American.

122     60.     Plaintiff-Intervener found his program environment to be hostile and heavily

123  charged with national origin discrimination.

124     61.     A reasonable person of Afro American national origin in Plaintiff-Intervenor's

125  position would have found the program environment to be hostile and polluted by national origin
126  discrimination.

127     62.     Management level employees knew, or should have known, of the Policy and

128  Defendants employees' conduct in relation thereto.

129     63.     Defendants did not exercise reasonable care to prevent the creation of a hostile

130  program environment charged with national origin discrimination, and did not exercise reasonable
131  care to rescind their personal feelings not Policy, even after Plaintiff-Intervenor's repeated

132  opposition to it.

133     64.     As a direct, legal and proximate result of this discrimination, Plaintiff-Intervenor

134  has sustained emotional injuries, resulting in damages in an amount to be proven at trial.

135     65.     Defendants' unlawful actions were intentional, willful, malicious, and/or done

136  with

137  reckless disregard to Plaintiff-Intervenor's right to be free from discrimination based on national

     origin.

        66.     Plaintiff-Intervenor is entitled to her reasonable attorneys' fees and costs of suit.

138

139                         **SECOND CLAIM FOR RELIEF**

140   **[National Origin Discrimination (Disparate Treatment) in Violation of Title II of the Civil**
141              **Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)]**

142        67.    Plaintiff-Intervenor incorporates by reference as if fully set forth herein the

143   allegations contained in paragraphs 1 - 66, above.

144                                     1° _

145        68.    Defendants discriminated against Plaintiff-Intervener by ignoring him on the basis

146   of his national origin, Afro American.

147        69.    Plaintiff-Intervenor's national origin was the determining factor and/or a motivating

148   factor in Defendants' adverse action.

149        70.    As a direct, legal and proximate result of the discrimination, Plaintiff-Intervener has

150   sustained emotional injuries, resulting in damages in an amount to be proven at trial.

151        71.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with

152   reckless disregard to Plaintiff-Intervenor's right to be free from discrimination based on national

153   origin.

154        72.    Plaintiff-Intervenor is entitled to her reasonable attorneys' fees and costs of suit.

155

156                          **THIRD CLAIM FOR RELIEF**

157     **[Retaliation in Violation of ARTICLE II of the Civil Rights Act of 1964, as**
158                                **amended,**
159                          **42 U.S.C. § 2000e-3(a)]**

160        73.    Plaintiff-Intervenor incorporates by reference as if fully set forth herein the

161   allegations contained in paragraphs 1 - 72, above.

162        74.    Article II of the Civil Rights Act of 1964, as amended, prohibits entities from

163   discriminating against a citizen "because [he] has opposed any practice made an unlawful

164   program practice by this subchapter." 42 U.S.C. § 2000e-3(a).

165        75.    Plaintiff-Intervenor engaged in protected activity by making numerous complaints

166   to Defendants' agents and employees about Defendants' program practice that required Plaintiff-

167   Intervenor, as a term and condition of his complaints, to enforce and engage in the Policy of

168   refusing services to customers based on their perceived national origin, Afro American or Black.

169        76.    Plaintiff-Intervenor reasonably believed that this term and condition of his

170   complaints was unlawful.

171        77.    As a result of Plaintiff-Intervenor's complaints, Defendants, their agents and/or

172   employees took materially adverse actions against Plaintiff-Intervenor, including, but not limited

173                                              11

174   to, ignoring me in front of supervisor peers and constructively discharging my complaints.

175        78.    Defendants', their agents' and/or employees' retaliatory actions would deter a

176   reasonable complaintants from engaging in protected activity under ARTICLE II.

177        79.    As a direct, legal and proximate result of the discrimination, Plaintiff-Intervenor has

178   sustained economic and emotional injuries, resulting in damages in an amount to be proven at

179   trial.

180        80.    Defendants' unlawful actions were intentional, willful, malicious, and/or done with

181   reckless disregard to Plaintiff-Intervenor's right to be free from retaliation.

182        81.    Plaintiff-Intervenor is entitled to her reasonable attorneys' fees and costs of suit.

183

184                                **FOURTH CLAIM FOR RELIEF**

185
186   **[Constructive ignoring in Violation of Title II of the Civil Rights Act of 1964, as
187   amended, 42 U.S.C. § 2000e-2(a)l**

188        82.    Plaintiff-Intervenor incorporates by reference as if fully set forth herein the

189   allegations contained in paragraphs 1 through 81, above.

190        83.    Defendants, and their agents and employees, created discriminatory and intolerable

191   program conditions for Plaintiff-Intervener.

{00569825.DOCX}

[PROPOSED] COMPLAINT IN INTERVENTION

84.   A reasonable person in Plaintiff-Intervenor's position would have felt compelled to rebut under these conditions.

85.   Plaintiff-Intervenor did in fact moved from his State of residency because of these conditions.

86.   As a direct, legal and proximate result of the discrimination, Plaintiff-Intervenor has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

87.   Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff-Intervenor's right to be free from discrimination based on national origin.

88.   Plaintiff-Intervenor is entitled to her reasonable attorneys' fees and costs of suit.

## FIFTH CLAIM FOR RELIEF

### [Race Discrimination (Disparate Treatment) in Violation of 42 U.S.C. § 1981]

104.   Plaintiff-Intervenor incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1-103, above.

105.   Defendants discriminated against Plaintiff-Intervenor by demoting her on the basis of her race, Middle Eastern.

106.   Plaintiff-Intervenor's race was the determining factor and/or a motivating factor in Defendants' adverse action.

107.   As a direct, legal and proximate result of the discrimination, Plaintiff-Intervenor has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

108.   Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff-Intervenor's right to be free from discrimination based on race.

109.   Plaintiff-Intervenor is entitled to her reasonable attorneys' fees and costs of suit.

*HI*

{00569825.DOCX}

219

220

221
222      ///

223                          **SIXTH CLAIM FOR RELIEF**

224      **National Origin Discrimination (Disparate Treatment) in Violation of the FEHA,**
225                          **MI. Gov't Code § 12940(a)**

226
227                                    17

228          139.  Plaintiff-Intervenor incorporates by reference as if fully set forth herein the

229      allegations contained in paragraphs 1 - 138, above.

230          140.  The American with disability Act makes it unlawful "[for an entity, because of the .

231      national origin ... of any person, to refused services or the person or to refuse to select the person

232      for a Civil Rights program leading to a conviction, or to bar or to discharge the person from a

233      Government program leading to an arrest, or to discriminate against the person in compensation

234      or in terms, conditions, or privileges of prevailing."

235          141.  Defendants discriminated against Plaintiff-Intervenor by ignoring him on the basis

236      of his national origin, Afro American.
237

238          142.  Plaintiff-Intervenor's national origin was the determining factor and/or a motivating

239      factor in Defendants' adverse action.

240          143.  As a direct, legal and proximate result of the discrimination, Plaintiff-Intervenor has

241      sustained economic and emotional injuries, resulting in damages in an amount to be proven at

242      trial.

243          144.  Defendants' unlawful actions were intentional, willful, malicious, and/or done with

244      reckless disregard to Plaintiff-Intervenor's right to be free from discrimination based on national

245      origin.
             145.  Plaintiff-Intervenor is entitled to reasonable attorneys' fees and costs of suit.


                             **SEVENTH CLAIM FOR RELIEF**

          **[Failure to Prevent Discrimination and in Violation of the FEHA, MI. Gov't Code.**

          {00569825.DOCX}

154.  Plaintiff-Intervenor incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1-153, above.

155.  Under the Elliot Larson law, it is unlawful "*[f]or an entity ... to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." MI. Gov't.

156.  Defendants, their agents, and/or employees failed to take all reasonable steps necessary to prevent discrimination and a hostile program environment based on national origin, including, but not limited to, failure to investigate Plaintiff-Intervenor's complaints regarding the Policy, failure to rescind the Policy, and failure to remedy Plaintiff-Intervenor's unlawful

19

discrimination.

157.  Instead, Defendants created their own personal Policy and participated in maintaining a discriminatory environment. Defendants failed to effectively investigate, stop, correct, or prevent the unlawful Policy and related conditions, even after Plaintiff-Intervenor complained of such matters.

158.  As a direct, legal and proximate result of Defendants' failure to take all reasonable steps necessary to prevent discrimination and harassment from occurring, Plaintiff Intervener has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

159.  Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff-Intervenor's right to be free from discrimination based on national origin.

160.  Plaintiff-Intervenor is entitled to her reasonable attorneys' fees and costs of suit.

## Eighth CLAIM FOR RELIEF

### [Immediate Payment and Waiting Time Penalties
### Pursuant to Michigan Constitution]

23

{00569825.DOCX}

191. Plaintiff-Intervenor incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1-190, above.

## Ninth CLAIM FOR RELIEF
### [Negligent Supervision]

205.   Plaintiff-Intervenor incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 through 204, above.

206.   Defendants had authority to supervise their employees.

207.   Plaintiff-Intervenor is informed and believes and thereon alleges that Defendants knew or reasonably should have known that their failure adequately to supervise their employees created the risk of the commission, by those employees, of the wrongful conduct alleged herein, but that Defendants failed to take appropriate corrective action.

208.   Plaintiff-Intervenor is informed and believes and thereon alleges that Defendants' failure to take appropriate corrective action resulted in the commission of the wrongful conduct alleged herein, and caused Plaintiff-Intervenor to suffer injury, damage, loss or harm.

209.   As a direct, legal and proximate result of Defendants' negligence, PlaintiffIntervenor has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

210.   Plaintiff-Intervenor is entitled to her reasonable attorneys' fees and costs of suit.

///

ill

Hi

25

## DECLARATORY RELIEF ALLEGATIONS

211.   A present and actual controversy exists between Plaintiff-Intervenor and Defendants concerning their rights and respective duties. Plaintiff-Intervenor contends that

{00569825.DOCX}

[PROPOSED]" COMPLAINT IN INTERVENTION

Defendants violated his rights under Article II, Michigan common law. Plaintiff-Intervenor is informed and believes and thereon alleges that the Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate.

212.   Plaintiff-Intervenor seeks a judicial declaration of the respective rights and duties of the parties.

## INJUNCTIVE RELIEF ALLEGATIONS

213.   No plain, adequate, or complete remedy at law is available to Plaintiff-Intervenor to redress the wrongs alleged herein.

214.   If this Court does not grant the injunctive relief sought herein, Plaintiff-Intervenor will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff-Intervenor prays for relief as follows:

1.   For a declaration that Defendants' actions, policies, and practices as alleged herein are unlawful;

2.   For reinstatement;

3.   For penalties and all other compensation denied or lost to Plaintiff Intervenor by reason of Defendants' unlawful actions, in an amount to be proven at trial;

4.   For compensatory damages   for Plaintiff-Intervenor's emotional pain and suffering, in an amount to be proven at trial;

5.   For punitive damages if an   amount to be determined at trial;

6.   For liquidated damages;

7.   For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

26

1   8.      For an order enjoining Defendants from engaging in the unlawful acts complained 2

of herein;

9.      For his reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 2000e-

4   5(k), 42 U.S.C. § 1988, Cal. Gov't Code § 12965(b), Cal. Code Civ. Pro. § 1021.5, and other 5

laws; and

6 '      10.  „ For such other and further relief as this Court deems just and proper.
7

8   Dated: March 4, 2022                           Respectfully submitted,

9                                                  Troyron Gladney

10

11

12                                          By:

                                                   TROYRON GLADNEY
13   Attorneys           for        Plaintiff-Intervener           TROYRON
14   GLADNEY

15

16

17

18

19

20

21

22

23

24

25

26

27
27

[PROPOSED] COMPLAINT IN INTERVENTION

Thomas L. Gladney
424 S. Michigan Ave
South Bend   In 46601




U.S. POSTAGE PAID
FCM LG ENV
SOUTH BEND, IN
46601
MAY 23, 22
AMOUNT
**$1.76**
R2304M113854-21

1000          49503

U.S. District Court for the Western
District of Michigan at Grand Rapids
110 Michigan St. N.W.
Suit 399 Federal Building
Grand Rapids, MI 49503-0000